## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIJAH JOHNSON, individually, and as Natural Parent of A.J., a minor child, C.J., a minor child, H.J., a minor child, and E.J., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>STANLEY ANDERSON, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. CIV-25-1489-SLP<br>)<br>)<br>)<br>)<br>) |

## **O R D E R**

Before the Court is Plaintiffs' Combined Response To Show Cause Order and First Motion to Extend Time for Service (the Response) [Doc. No. 16].[1]  Plaintiffs filed their Petition on November 24, 2025.  *See* Pet.  [Doc. No. 1-2].  The matter was removed to this Court on December 12, 2025.  *See generally* Not. of Removal [Doc. No. 1].  Because Defendant Stanley Anderson (Anderson) was not served prior to removal, Plaintiffs' service deadline for Anderson became March 12, 2026.  *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m).  Plaintiffs request a ninety (90) day extension of their deadline to effect service of process on Anderson.  *See* Response [Doc. No. 16] at 1.  Plaintiffs represent they attempted to serve Anderson by mail while the matter was pending in state court.  *See id*. at 3-4.  Due to delays in mailing during the holiday season, the unserved Petition and Summons were not returned until after December 25, 2025.  *See id*. at 4.  In early January 2026, Plaintiffs'

---

[1] While a motion for extension of time is not typically the proper mechanism to seek relief after a deadline has expired,  Plaintiffs have demonstrated a permissive extension is warranted, and thus the Court grants relief pursuant to Fed. R. Civ. P. 4(m).

counsel retained a local process server to serve Anderson, who then subcontracted out their work to a Houston-based process server. *See id*. at 4-5. Counsel for Plaintiffs represent that upon removal to this Court, their office failed to docket the new service deadline of March 12, 2026.[2] *See id*. After the issuance of the Order to Show Cause [Doc. No. 15], counsel for Plaintiffs discovered that the subcontractor hired by their service processor had ceased performing process server work entirely. *See id*. After several attempts to contact the subcontractor, Plaintiffs' counsel was able to get in touch with the subcontractor. *See id*. The subcontractor stated that he did attempt to serve Anderson on multiple occasions, "but was unable to as nobody would answer the door." *Id*. Counsel represents that the subcontractor advised they would send an Affidavit of Non-Service, but it has yet to be received. *See id*. Counsel for Plaintiffs represent that they have contacted other process servers who would be able to effect service on Anderson should the Court grant relief. *See id*. at 6.

The Court must extend the deadline for service when a plaintiff shows good cause. Fed. R. Civ. P. 4(m). In the absence of good cause, the Court has discretion to grant a permissive extension. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Based on Plaintiffs' representations, the Court finds the circumstances of this case justify a permissive extension. Accordingly, the Court GRANTS Plaintiffs an additional 90 days from their deadline to effect service of process on Anderson. Plaintiffs shall serve

---

[2] Under Oklahoma law, Plaintiffs had 180 days to serve Anderson. *See* 12 Okla. Stat. tit. 12, § 2004(C)(2). Because Plaintiffs had yet to serve Anderson upon removal, the Plaintiffs had 90 days from removal to serve him pursuant to federal law. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m).

Defendant Stanley Anderson on or before June 10, 2026. Failure to timely effect service of process may result in dismissal of this action without prejudice as to Defendant Stanley Anderson.

IT IS SO ORDERED this 25th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE